UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 1 3 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

LARRY HENDERSON,

      Plaintiff,

-vs-

CASE NO.: 4:20-cv-828-JM

EXPERIAN INFORMATION SOLUTIONS, INC.
and TRANS UNION LLC,

      Defendants.

_____/

This case assigned to District Judge __Moody__
and to Magistrate Judge __Ray__

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Larry Henderson (hereinafter "Plaintiff"), sues Defendants, Experian Information Solutions, Inc. and Trans Union LLC, and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## PRELIMINARY STATEMENT

1.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

2.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

3.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4.      Venue is proper in this District as Plaintiff is a natural person and a resident of Stone County, Arkansas; the violations described in this Complaint occurred in this District; and the Defendants each transact business within this district.

5.      Plaintiff is a consumer as the term is defined by the FCRA.

6.      Experian Information Solutions, Inc. ("Experian") is a corporation with its principal place of business located at 457 Anton Blvd., Costa Mesa, CA 92626, authorized to conduct business in the State of Arkansas through its registered agent, CT Corporation System, located at 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201.

7.      Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8.      Experian disburses such consumer reports to third parties under contract for monetary compensation.

9.      Trans Union LLC ("Trans Union") is a corporation with its principal place of business located at 555 West Adams St., Chicago, IL 60661, authorized to conduct business in the State of Arkansas through its registered agent, The Prentice Hall Corporation System, located at 300 S. Spring Street, Suite 900, Little Rock, AR 72201.

10.     Trans Union is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, is regularly engaged in the business of assembling, evaluating, and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12.     Along with non-party Equifax, Defendants Experian and TransUnion are two of the three largest consumer credit reporting agencies in the world.

13.     In early 2020 Plaintiff became aware that his Equifax, Experian, and TransUnion credit reports all included an account with (non-party) "Army and Air Force Exchange Service".

14.     Army and Air Force Exchange Service is a subsidiary of the Department of Defense and is the retailer on US Army and Air Force installations worldwide.

15.     Plaintiff does not have any account or business dealings with Army and Air Force Exchange Service.

16.     Equifax, Experian, and TransUnion were/are reporting that Plaintiff had an Army and Air Force Exchange Service account #653*********** that was opened in May of 2019 and in collections for a past due amount of $6,308 with a credit limit of $4,600.

17.     Believing that the account was fraudulent, Plaintiff filed a, incident report with the Stone County Arkansas Sheriff's Department.

18.     Plaintiff then directly disputed the alleged debt with Equifax, Experian, and TransUnion. With his dispute, Plaintiff included a copy of the aforementioned law enforcement incident report.

19.     Equifax responded to Plaintiff's dispute and DELETED the fraudulent account off of Plaintiff's Equifax credit report.

20.     Experian responded to Plaintiff's dispute and VERIFIED AS ACCURATE the fraudulent account appearing on Plaintiff's Experian credit report.

21.     Oddly, in the same response Experian advised that it had deleted two other Army & Air Force Exchange accounts that were appearing on Plaintiff's credit report (these accounts also did not belong to Plaintiff.)

22.     It is not clear at this time why Experian deleted two of the Army and Air Force Exchange Service and not the one that Plaintiff specifically disputed.

23.     TransUnion first responded to Plaintiff's dispute with a letter stating that it "could not investigate" Plaintiff's dispute.

24.     However, just days later TransUnion responded to Plaintiff's dispute with another letter stating that it had VERIFIED AS ACCURATE the fraudulent account appearing on Plaintiff's TransUnion credit report.

25.     As a result of the conduct, action and/or inaction of the Defendants, Plaintiff has suffered from denials of credit.

26.     For example, Plaintiff was denied a "Citizens Bank" loan for $15,000.

27.     As a result of the conduct, action and/or inaction of the Defendants Plaintiff's credit score has dropped down to approximately 540.

28.     As the account in question is the only adverse account appearing on Plaintiff's otherwise immaculate credit reports, it is undoubtedly the source of Plaintiff's dramatically reduced credit score.

29.     As a result of the conduct, action and/or inaction of the Defendants Plaintiff has suffered from a waste of hours of his personal time.

30.     As a result of the conduct, action and/or inaction of the Defendants Plaintiff has suffered from emotional distress, including but not limited to anger, frustration, worry, and sleeplessness.

## CAUSES OF ACTION

## COUNT I

**Violations of the Fair Credit Reporting Act as to Experian**

31.     Plaintiff re-alleges and incorporates paragraphs 1 through 30 above as if fully set forth herein.

32.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

33.     As a result of this conduct, action and inaction of Experian, the Plaintiff suffered a financial loss, loss of his personal time, and the emotional distress described in this Complaint.

34.    Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

35.    The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II

### Violations of the Fair Credit Reporting Act as to Experian

36.    Plaintiff re-alleges and incorporates paragraphs 1 through 30 above as if fully set forth herein.

37.    Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

38.    As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by reduced credit score; loss of the ability to purchase and benefit from credit; financial loss; and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a negative credit report.

39.     Experian's conduct, action, and inaction was willful, rendering it liable for actual

or statutory damages, and punitive damages in an amount to be determined by the Court pursuant

to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15

USC § 1681o.

40.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be

determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages

against Defendant, Experian, jointly and severally; for his attorney fees and costs; for pre-

judgment and post-judgment interest at the legal rate, and such other relief the Court does deem

just, equitable, and proper.

## COUNT III

### Violations of the Fair Credit Reporting Act as to Trans Union

41.     Plaintiff re-alleges and incorporates paragraphs 1 through 30 above as if fully set forth

herein.

42.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable

procedures to assure maximum possible accuracy in the preparation of the credit report and

credit files it published and maintains concerning the Plaintiff.

43.     As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered a

financial loss, loss of his personal time, and the emotional distress described in this Complaint.

44.     Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

45.     The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

     **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Trans Union, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT IV

### Violations of the Fair Credit Reporting Act as to Trans Union

46.     Plaintiff re-alleges and incorporates paragraphs 1 through 30 above as if fully set forth herein.

47.     Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

48.     As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by reduced credit score; loss of the ability to purchase and benefit from credit; financial loss; and the mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a negative credit report.

49.     Trans Union's conduct, action, and inaction was willful, rendering it liable for actual

or statutory damages, and punitive damages in an amount to be determined by the Court pursuant

to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15

USC § 1681o.

50.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to

be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

   **WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages

against Defendant, Trans Union, jointly and severally; for his attorney fees and costs; for pre-

judgment and post-judgment interest at the legal rate, and such other relief the Court does deem

just, equitable, and proper.

                              Respectfully Submitted,

                              */s/Frank H. Kerney, III, Esquire*
                              Frank H. Kerney, III, Esquire
                              *(Admitted Pro Hac Vice)*
                              Florida Bar #: 88672
                              Morgan & Morgan, Tampa, P.A.
                              One Tampa City Center
                              201 North Franklin Street, 7th Floor
                              Tampa, FL 33602
                              Telephone: (813) 223-5505
                              Facsimile:  (813) 223-5402
                              fkerney@forthepeople.com
                              mjones@forthepeople.com
                              *Counsel for Plaintiff*